(Not for publication) (Docket Entry No. 58)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TINA TRAN, | : |
| Plaintiff, | : Civil No. 04-4257 (RBK/KMW) |
| v. | : **OPINION** |
| HAE YEON BAIK, individually, LAW OFFICE OF HAE YEON BAIK, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Presently before the Court is an amended motion for summary judgment filed by Defendants Hae Yeon Baik ("Baik") and the Law Office of Hae Yeon Baik (collectively "Defendants"). For the reasons set forth below, Defendants' motion will be granted.

**I. BACKGROUND**

This case arises out of Defendants' role in Plaintiff Tina Tran's failed attempt to purchase Cans & Bottles, Inc. ("Cans & Bottles"), a liquor store business, from Kyong H. Kim ("Mrs. Kim") in 2001.

In June of 2001, Plaintiff and Mrs. Kim agreed that Plaintiff would purchase from Mrs. Kim 100% of the stock in the Cans & Bottles, the liquor license, and real estate where the business was located for $1.9 million, with a $300,000 cash deposit. Plaintiff paid $5,000 of the deposit before a contract was drafted. After Plaintiff and Mr. and Mrs. Kim had agreed to the

1

terms of the sale, Mr. Kim met with Baik to discuss the transaction. Baik drafted a stock purchase agreement ("the Agreement") and reviewed it with the Kims. The Kims had previously hired Baik to assist them with a number of legal problems, including back taxes that Cans & Bottles owed to the State of New Jersey.

Plaintiff and her boyfriend Vincent Phan went to Baik's office to review the paperwork for the sale of Cans & Bottles. The next day, Plaintiff and Mr. Phan returned to Baik's office to sign the purchase agreement. At this meeting, Plaintiff asked Baik if she needed to provide any identification to apply for a liquor license. Baik told her that she would apply for the liquor license for Plaintiff after the contract was signed. Plaintiff also asked what she should do if she had any questions; Baik said Plaintiff could call her anytime.

On June 30, 2001, Plaintiff and Mr. Phan paid the remainder of the deposit to the Kims. At that time, the Kims presented Plaintiff with a statement providing that she would pay them $250,000 for the inventory. Plaintiff believed that the inventory was included in the $1.9 million purchase price, but eventually signed a statement saying she would pay the additional $250,000.

Plaintiff managed Cans & Bottles for several months, and made monthly payments to Mrs. Kim. Plaintiff became concerned that she had not heard anything about the liquor license, and called Baik to ask about the status of the application. Baik told Plaintiff that she was working on it and that Plaintiff did not need to worry about the liquor license. On December 6 and 7 of 2001, Baik, at the request of Mrs. Kim, sent letters to Plaintiff demanding that Plaintiff pay $250,000 for the inventory. By February of 2002, the Kims informed Plaintiff that they believed she had breached the agreement of sale by failing to pay for the inventory. On February 5, 2002, Baik, on behalf of Mrs. Kim, sent Plaintiff a letter terminating her as the manager of

Cans & Bottles, requesting that she vacate the premises, and telling her that Mrs. Kim would refund her $300,000 deposit. Plaintiff continued to operate Cans & Bottles until July 26, 2002, when the State of New Jersey closed the business because it and Mrs. Kim owed over $600,000 in taxes.

On July, 31, 2002, Mrs. Kim and Cans & Bottles filed for bankruptcy. Under the protection of the bankruptcy proceeding, Mrs. Kim reacquired Cans & Bottles from Plaintiff. Plaintiff settled her claims against Mrs. Kim relating to this failed transaction. Plaintiff received a general unsecured claim of $650,000 and a secured claim of $350,000 in the Cans & Bottles bankruptcy case. In addition, the settlement provided that Plaintiff would receive 50% of any net proceeds from the malpractice action filed by Mrs. Kim and Cans & Bottles against Baik. (Defs.' Ex. K, Stipulation of Settlement and Dismissal.)

On January 20, 2004, Plaintiff filed suit against Defendants in the Superior Court of New Jersey, Law Division, Camden County. Plaintiff's complaint contained four counts: legal malpractice, breach of fiduciary duty, breach of contract, and violation of the New Jersey Consumer Fraud Act. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332, 1446(a). On December 1, 2008, Defendants filed the amended motion for summary judgment presently before the Court.[1]

**II. STANDARD**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine

---

[1] Defendants filed a motion for summary judgment on January 11, 2008, but withdrew it on April 3, 2008.

3

issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In determining whether summary judgment is appropriate, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" Tabas v. Tabas, 47 F.3d 1280, 1287 (3d Cir. 1995) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

**III. DISCUSSION**

Defendants seek summary judgment on all counts of the Complaint. First, Defendants argue that they are entitled to summary judgment with respect to Counts I and II of the Complaint (legal malpractice and breach of fiduciary duty) because these claims are barred by Pennsylvania's two-year statute of limitations. Second, Defendants argue that they are entitled to summary judgment with respect to Counts I, II and III (breach of contract) of Plaintiff's Complaint because there is no evidence of an attorney-client relationship between Plaintiff and

Baik. Third, Defendants argue that they are entitled to summary judgment with respect to Counts I through III of the Complaint because there is no evidence that Baik's conduct caused Plaintiff to suffer damages. Fourth, Defendants argue that they are entitled to summary judgment with respect to Count IV of the Complaint because there is no permissible cause of action against an attorney under the New Jersey Consumer Fraud Act.

The Court finds that Defendants are entitled to summary judgment with respect to Counts I, II and III of the Complaint because Plaintiff has not produced evidence of damages, and that Defendants are entitled to summary judgment with respect to Count IV of the Complaint because an attorney acting in her professional capacity cannot be held liable under the New Jersey Consumer Fraud Act. It is therefore unnecessary for the Court to address Defendants' remaining arguments in favor of summary judgment.

### A. Counts I-III: Damages

The Court finds that Plaintiff has not provided evidence of the damages she suffered as a result of Baik's alleged misconduct, and therefore will grant Defendants' motion for summary judgment with respect to Counts I through III of the Complaint. Damages are an element of claims for legal malpractice, breach of fiduciary duty, and breach of contract under both New Jersey and Pennsylvania law.[2] See Sommers v. McKinney, 670 A.2d 99, 103 (N.J. Super. Ct. App. Div. 1996) (New Jersey legal malpractice); Rizzo v. Haines, 555 A.2d 58, 65 (Pa. 1989) (Pennsylvania legal malpractice); F.G. v. MacDonnell, 696 A.2d 697, 704 (N.J. 1997) (New Jersey breach of fiduciary duty); McDermott v Party City Corp., 11 F. Supp. 2d 612, 626 n.18

---

[2] The parties disagree as to whether Pennsylvania or New Jersey law applies to Plaintiff's claims. Because damages are an element of Plaintiff's claims under either state's laws, the Court need not determine which state's laws apply.

(E.D. Pa. 1998) (Pennsylvania breach of fiduciary duty); <u>Coyle v. Englander's</u>, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985) (New Jersey breach of contract); <u>CoreStates Bank, N.A. v. Cutillo</u>, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999) (Pennsylvania breach of contract).

Plaintiff has failed to present evidence of damages that resulted from Defendants' alleged professional negligence, breach of fiduciary duty and breach of contract. First, Plaintiff claims that she lost her $300,000 deposit and her ability to operate Cans & Bottles. (Pl.'s Brief at 15.) However, Plaintiff's settlement with Mrs. Kim provided that Plaintiff would receive $350,000, to be paid as follows: $75,000 prior to December 21, 2005 and $275,000 payable in monthly installments of $4,500 from February 1, 2006 through December 1, 2009. (Defs.' Ex. K.) Plaintiff has not provided any evidence that she has not been or will not be paid according to the terms of the settlement agreement, and thus receive her deposit with interest. Moreover, Plaintiff has provided no evidence of the damages associated with her inability to operate the business.

Plaintiff also argues that she is entitled to recover attorney's fees associated with bringing a legal malpractice claim. While Plaintiff, if successful in her legal malpractice claim, could recover attorney's fees, Plaintiff must satisfy all of the elements of a legal malpractice claim in order to prevail. She has not done so.

Plaintiff also suggests that the report and testimony of her expert, Bennett J. Wasserman, Esq. show that she has established all of the elements of her legal malpractice claim. Wasserman's report states that Plaintiff's losses include her $300,000 deposit and lost income. (Pl.'s Ex. A.) However, as previously stated, Plaintiff has not presented any evidence to show that she will not recover her deposit, plus interest, in accordance with the terms of her settlement with Mrs. Kim. Further, there is no evidence of the amount of lost income that resulted from

6

Baik's conduct.

Wasserman's report also states that Plaintiff's funds were used to pay Defendants $32,500 in attorney fees, and that these fees are subject to disgorgement. However, Wasserman relies on a report which the Plaintiff has not provided to the Court. Moreover, Plaintiff testified that she never paid Baik for any work done relating to the sale of Cans & Bottles. (Sept. 19 Deposition of Plaintiff at 44-45.)

Finally, Wasserman's report states that Plaintiff's damages include the attorney's fees associated with this malpractice action. For the reasons already expressed, these attorney's fees alone cannot satisfy the element of damages. Thus, because Plaintiff has provided no evidence of damages, an essential element of her claims, Defendants are entitled to summary judgment with respect to Counts I through III of Plaintiff's Complaint.[3]

### B. Count IV

The Court will grant Defendants' motion for summary judgment with respect to Plaintiff's New Jersey Consumer Fraud Act ("NJCFA") claim because the NJCFA does not apply to the conduct of lawyers acting in their professional capacities. See Macedo v. Dello Russo, 840 A.2d 238, 242 (N.J. 2004) ("[O]ur jurisprudence continues to identify learned professionals as beyond the reach of the [NJCFA] so long as they are operating in their professional capacities."). Here, Plaintiff's claims are based on Baik's conduct while she was acting in her capacity as a lawyer, and therefore the NJCFA is inapplicable.

---

[3] In connection with her opposition to Defendants' motion for summary judgment, Plaintiff sought to introduce an additional expert report, which she represented would show that she suffered damages of $467,066. Plaintiff's motion to submit an expert report out of time was denied, and therefore the Court will not consider this expert report.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted.  An accompanying order shall issue today.


Dated:  7-14-09                                             /s/ Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge